HENRY R. HOLMES, PLAINTIFF-PROSECUTOR, v. ROBERT E. MURPHY, DEFENDANT-RESPONDENT.

Argued November 9, 1922—Decided February 28, 1923.

**Right of Way—Easement—Use for More Than Twenty Years Must be Adverse to Owner—Presumption is that Land was Used with Owner's Consent.**

On plaintiff's rule to show cause why a verdict in favor of the defendant should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Linton Satterthwaite.*

*Contra, Peter Backes.*

PER CURIAM.

This was an action brought by the plaintiff to recover damages for the alleged obstruction of a way by the defendant, Murphy. The trial resulted in a verdict for the defendant.

The situation was this: The *locus in quo* is in Hamilton Square, Mercer county, at the point where Nottingham way intersects Mercer street. The defendant owns a plot of ground at this point, on the rear of which was a building, which for

many years was used as a country hotel. The plaintiff owns a plot of ground upon which was erected a store immediately adjacent to the old hotel building. His case was that the public, for considerably more than twenty years, had been in the habit of passing over this vacant land of the defendant as a short cut from the one street to the other, instead of going around the corner, and that they were in the habit of using this same tract for the purpose of going to and from the store which he now owns. His contention was (1) that this was a public way, and (2) that, if it was not, he had a private easement over it for himself and his customers.

There was no delineation of any public way over this tract of land, nor was there any suggestion that the public authorities had done anything indicating that they were under any obligation to maintain it. On the contrary, it would seem, from the fact that the county and municipal authorities had directed that the two streets we have mentioned be curbed so as to exclude this piece of land from both of the streets, that they repudiated any idea that this was public property, to be conserved by the public authorities. This fact, taken in conjunction with the further fact that there was no defined way across this tract used by the public, we think justified the jury in denying the existence of a public street or way across this lot.

As to the alleged existence of a private easement in favor of the plaintiff and his predecessors in title, we think that question was properly resolved. Where a party crosses over the land of another with such frequency as to indicate that he has a way over it, the presumption is that he is using the way with the permission of the owner and not adversely to him, and, by force of this presumption, the owner of the land is entitled to withdraw the permission whenever he sees fit. To succeed in establishing a way against the owner, it must be proved that the user was adverse, and there seems to have been no testimony of that kind in the case.

This disposes of practically all of the questions argued by the plaintiff, except his criticisms on the charge of the court, and we find nothing of merit in them. It is true that the

court expressed his opinion of this case in pretty clear language, but that afforded no ground for reversal. It is a prerogative of the judge to state to the jury what impression the testimony has made on his mind.

The rule will be discharged.